**Paul A. Gilmer, Esq.**
**N.Y. Regis. No.: 5581491**
WONG, WONG & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
150 Broadway, Suite 1588
New York, NY 10038
Tel.: (212) 566-8080
Fax: (212) 566-8960
pgilmer@wongwonglaw.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JING ZHANG, WEI FAN, MINGLIAN ZHANG, AND JUN ZHOU,** | ) Case No. _____ <br>) <br>) |
| **PLAINTIFFS,** | ) <br>) <br>) |
| **V.** | ) <br>) <br>) |
| **XUEYUAN HAN, HANFOR HOLDINGS CO., LTD., HF HOLDINGS, LIMITED, HANFOR CAPITAL MANAGEMENT CO., LTD., NUOYUAN CAPITAL MANAGEMENT COMPANY LTD, GEORGE XU, JUNJUN FENG, WENNAN AO, BZ INDUSTRIAL (CHINA), BZ INDUSTRIAL (VIRGIN ISLANDS), BZ INDUSTRIAL (CAYMAN ISLANDS), HANFOR (CAYMAN) LIMITED, HFRE LLC, HF CAPITAL MANAGEMENT CAY INC., HF COSMOPOLITAN BETA L.P., HENGTAI SECURITIES CO., LTD., JOHN DOES 1-10, JANE DOES 1-10,** | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER**
**AND ATTACHMENT**

## TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ...............................................................................4

II.  LEGAL ARGUMENT.......................................................................................6

   1.  Order of Attachment ...................................................................................6

      A.  Plaintiffs Have a Cause of Action Against the Defendants ....................................7

      B.  Plaintiffs Have Shown a Probability of Success on the Merits .............................9
      C.  Grounds for Attachment Exist Under C.P.L.R. §6201(3) ....................................10
      D.  The Amount Demanded from Defendants Exceeds All Counterclaims Known to
          Plaintiffs..............................................................................................12

   2.  Temporary Restraining Order ....................................................................13

      A.  Irreparable Harm Will Occur if a Temporary Restraining Order is not Granted ..13

      B.  The Balance of Hardships tips in Plaintiff's Favor ...............................................14
      C.  The Public Interest Favors Granting Injunctive Relief ........................................14

III.  CONCLUSION..................................................................................................14

## TABLE OF AUTHORITIES

### *CASES*

Bank of China v. NBM, LLC, 192 F. Supp. 2d 183 (S.D.N.Y. 2002) ……….……………..…….6

Bank of Leumi Trust Co. v. Istim, Inc., 892 F.Supp. 478 (S.D.N.Y.1995) ……….………..…..7, 13

Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 894-95 (2d Cir. 2015) …………..… 13

Capital Ventures Intern. v. Republic of Argentina, 443 F.3d 214 (2d Cir.2006), ………..……….6

Echo Design Grp. v. Zino Davidoff S.A., 283 F. Supp. 2d 963, 966 (S.D.N.Y. 2003) ………….13

Firemen's Ins. Co. of Newark, New Jersey v. Keating, 753 F. Supp. 1146, 1153 (S.D.N.Y. 1990)

………….…………………………………………………………………………….…….13

In re Amaranth Natural Gas Commodities Litigation, 711 F. Supp. 2d 301 (S.D.N.Y. 2010)
….….……………………………………………………………………………...10

Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995) …………..….…….….…..…….13

Silverman v. Miranda, 116 F. Supp. 3d 289 (S.D.N.Y. 2015) ………..……………......……...11

Societe Generale Alsacienne De Banque, Zurich v. Flemingdon Dev. Corp., 118 A.D.2d 769 (2d

Dept. 1986) ……….…..……………………………………………………………………….6

TAGC Management, LLC v. Lehman, 842 F. Supp. 2d 575 (S.D.N.Y. 2015) ……..……….7, 9

VNB NY, LLC v. Rapaport, 2016 NY Slip Op 50099 (Sup. Ct., Kings Co. Jan. 29, 2016)

……….…..……………………………………………………………………...…12

### *RULES*

Fed.R.Civ.P. 64 …………………………………………………………………....……...6

Fed.R.Civ.P. 65 (b)(1) …………..…………………………….…………………..…….13

C.P.L.R. § 6201 …..…………………………..………………………….…6, 11, 12

C.P.L.R. § 6202 …..……………..…………………………………......………..6

C.P.L.R. § 6212 …..……………..……………………………….……..…6, 11, 12, 13

## <u>MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE FOR</u>

## <u>ATTACHMENT</u>

This office represents Plaintiffs Jing Zhang, Wei Fan, Minglian Zhang and Jun Zhou ("Plaintiffs") in the above-referenced action.  Pursuant to <u>Fed.R.Civ.P.</u> 64, and Fed. R. Civ. P. 65, Wong, Wong & Associates, P.C. files this memorandum of law in support of an order for attachment.

## I.     PRELIMINARY STATEMENT

As set forth more fully in the affidavit of Ms. Zhang, Plaintiffs entered into a number of Investment Agreements with Defendant through which they entrusted their investments with Defendant Mr. Xueyuan Han ("Mr. Han") and Defendant companies affiliated with Mr. Han. Plaintiffs have collectively invested more than 98.1 million RMB (about $14 million USD) in various investment projects arranged by Mr. Han and the Defendant corporations, which are all controlled by him, and pursuant to eight different Investment Agreements. However, Plaintiffs have not received the promised returns on their investments, as required in accordance with the terms of the Investment Agreements signed. To date, less than the equivalent of $1 million of the promised returns were received collectively by the Plaintiffs in total. In 2019, the China Securities Regulation Commission Beijing Bureau launched investigations into Mr. Han, Hanfor Capital Management Co. ("Hanfor Capital), Nuoyuan Capital Management Company Ltd. ("Nuoyuan Capital") and Mr. Han's other shell companies.  Yanwu Li, a representative from Nuoyuan Capital, was arrested in 2019 by Chinese legal authorities on charges based on these investigations.  In 2018, Mr. Han fled to the United States, and thereby avoided arrest by the Chinese authorities.

Since arriving in New York, Mr. Han bought two properties.  In August 2019, Mr. Han purchased, for $2.19 million, a residential penthouse condominium located at 554 Third Ave, Unit PHA, New York, NY 10016, with Defendant Ms. Junjun Feng ("Ms. Feng") as a joint tenant with a right of survivorship. The transaction was not financed. In September 2019, Mr. Han purchased, for $4.99 million ($4,990,000.00), a residential penthouse condominium at 377 Rector Pl., Unit # PHB (a.k.a Unit #27B) New York, NY 10280.  Upon information and belief, Mr. Han resides at this apartment with his ex-wife, Ms. Wennan Ao ("Ms. Ao"), and their two children. It is believed that Mr. Han's divorce to Ms. Ao was a sham divorce.  This apartment is currently on sale for $4.99 million ($4,990,000.00). Upon information and belief, Mr. Han is keeping liquid assets in his New York apartments.

Mr. Han is also the reported registrant of a white 2020 Rolls Royce Cullinan, purchased during that year, with an estimated value of $330,000.

In addition, HF Holdings, Limited ("HF Holdings"), a proxy corporation which, as stated in the attached affidavit, is wholly owned by Mr. Han, acquired 2,574,003 Class C Shares of NIO Inc. for consideration of $10 million USD in or around April 2017. This purchase was made on behalf of investors in Mr. Han's projects, including Plaintiff Ms. Zhang, pursuant to the investment agreement entered into as part of the Ruili Weixing Project (Project #1, as detailed in the Complaint), through which Defendants promised to purchase on behalf of investors shares of NIO, Inc., a corporate entity involved in the development and production of electric vehicles, in order to provide proceeds to investors. However, Defendants have refused to return Plaintiff Ms. Zhang's investments nor to provide any proceeds, as required by the aforementioned investment agreement, nor were any shares transferred to Plaintiff Ms. Zhang. Instead, Defendant HF Holdings continues to hold the NIO Inc. shares and refuses to honor the terms of the investment

agreement with Ms. Zhang. The market value of NIO Inc. was $62.84 per share as of closing on

February 9, 2021; therefore, the current market value of the 2,574,003 NIO Inc. shares held by

Defendant HF Holdings Limited is approximately valued at $161.75 million USD.

The non-stock assets of the Defendants mentioned above, including real property and

vehicles, total $7.51 million USD, which is less than the $12.61 million USD owed to the

Plaintiffs from Projects 2-7, as detailed in the Complaint.

## II.      LEGAL ARGUMENT

### 1.  Order of Attachment

To secure the judgment at the conclusion of litigation, the Court should grant an order of

attachment on the property located at 377 Rector Pl., Unit # PHB (a.k.a Unit #27B) New York,

NY 10280, and the property located at 554 Third Ave, Unit PHA, New York, NY 10016, as well

as the 2020 Rolls Royce Cullinan.

"At the commencement of and throughout an action, every remedy is available that,

under the law of the state where the court is located, provides for seizing a person or property to

secure satisfaction of the potential judgment." Fed.R.Civ.P. 64(a). The remedies available under

this rule include attachment.  Fed.R.Civ.P. 64(b).  See Capital Ventures Intern. v. Republic of

Argentina, 443 F.3d 214, 218-219 (2d Cir.2006) (applying New York C.P.L.R. in an attachment

proceeding); Bank of China v. NBM, LLC, 192 F. Supp. 2d 183, 186 (S.D.N.Y. 2002)

("Pursuant to Fed.R.Civ.P. 64, the remedy of attachment is governed by state law."). An order of

attachment may be granted where the plaintiffs have demanded and would be entitled to a money

judgment against one or more defendants when the defendant, with intent to frustrate the

enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of,

encumbered or secreted property, or removed it from the state or is about to do any of these acts. C.P.L.R. § 6201(3). Any debt or property against which a money judgment may be enforced is subject to attachment. C.P.L.R. § 6202.

In seeking attachment, plaintiffs must establish (1) that there is a cause of action against the defendant, (2) that it is probable the plaintiffs will succeed on the merits, (3) that one or more statutory grounds for attachment are met, and (4) that the amount demanded exceeds all known counterclaims. C.P.L.R. § 6212(a). The moving papers must contain evidentiary facts proving the basis upon which the attachment remedy is sought. Societe Generale Alsacienne De Banque, Zurich v. Flemingdon Dev. Corp., 118 A.D.2d 769, 773 (2d Dept. 1986).

### A.  Plaintiffs Have a Cause of Action Against the Defendants

For the first requirement, "the court must give the plaintiff the benefit of all the legitimate inferences that can be drawn from the facts." TAGC Management, LLC v. Lehman, 842 F. Supp. 2d 575, 586 (S.D.N.Y. 2015) (citing Bank of Leumi Trust Co. v. Istim, Inc., 892 F.Supp. 478, 482 (S.D.N.Y.1995)).

In this case, the Plaintiffs have valid causes of action that can clearly demonstrated through supporting papers. Plaintiffs have filed a Summons and Complaint with the Court for breach of contract, unjust enrichment, fraud, and conspiracy to commit fraud, among other causes of action. Through investment agreements, Plaintiffs together invested around $14 million with Defendants, including Mr. Han and corporate Defendants controlled by Mr. Han. These investment agreements required return of the investment and proceeds to the Plaintiff investors under agreed upon terms. The Defendants failed to adhere to these terms by failing to make nearly all of the promised investments, failing to return investment funds to Plaintiffs, and failing

to abide by duties owed to Plaintiff investor pursuant to the respective Investment Agreements. Of the total $14 million invested by the Plaintiffs, less than $1 million has been repaid. Instead, Mr. Han diverted the Plaintiffs' funds from the promised investments into his own bank accounts. Defendant Mr. Han, and Mr. Han's associates acting under his direction, made false statements to Plaintiffs regarding the investment projects, which Mr. Han knew to be false at the time that they were made. Plaintiffs relied on those statements to their detriment. The facts, as recited in the Affidavits and exhibits annexed thereto, as well as the filed Complaint, provide a valid basis for the causes of action put forth.

Furthermore, in this case the corporate veil should be pierced, as Mr. Han violated corporate norms and transferred and arranged for the transfer of business assetsto his own personal accounts. A plaintiff seeking to pierce the corporate veil must show 1) that the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." Conason v. Megan Holding, LLC, 25 N.Y.3d 1, 18 (2015) (internal quotation marks omitted); TNS Holdings, 92 N.Y.2d at 339 (1998). As stated above, Mr. Han controls and is the sole owner, either directly or through proxies, of the Defendant corporations, including Defendants BZ Industrial China ("BZ China), BZ Industrial Limited Virgin Islands ("BZ Virgin Islands"), BZ Industrial Limited Cayman Islands (BZ Cayman Islands), Hanfor Holdings Co., Ltd. ("Hanfor Holdings"), Hanfor Capital, HFRE LLC, Hanfor Cayman Limited ("Hanfor Cayman"), HF Capital Management Cay Inc. ("HF Capital"), HF Cosmopolitan Beta L.P. ("HF Cosmopolitan"), and other shell companies. Defendant Mr. Han the majority shareholder of Nuoyuan Capital, and upon information and belief, its sole shareholder through proxies.

In this case, Mr. Han has regularly violated corporate norms by taking hundreds of millions of yuan invested in Nuoyuan Capital and transferring it, unbeknownst to the investors, into corporations wholly owned by Mr. Han, that Mr. Han has set up in New York, the British Virgin Islands, and the Cayman Islands. Many of these corporations, such as BZ Virgin Islands, BZ Cayman Islands, Hanfor Holdings, Hanfor Cayman, HF Capital, and HF Cosmopolitan are based in the British Virgin Islands and the Cayman Islands, and are believed to be proxy corporations of Mr. Han to which he has secreted funds that were fraudulently obtained from investors in Nuoyuan Capital and related projects, and transferred such funds to these corporations. BZ China and HFRE LLC are also wholly owned by Mr. Han, with BZ China functioning as a shell company in China, and HFRE LLC functioning as a shell company based in New York. Mr. Han, as a majority shareholder of Nuoyuan Capital and sole owner of Hanfor Capital, had the means to dominate Nuoyuan Capital and Hanfor Capital, and did in fact do so, as is apparent from his control over the assets which he fraudulently transferred assets away from Nuoyuan Capital and Hanfor Capital to other companies he controlled. Therefore, it clear that these corporations are all dominated by Mr. Han, and that such domination was used to commit a wrong against Plaintiffs resulting in Plaintiff's injury. Thus the corporate veil should be pierced.

### B. Plaintiffs have Shown a Probability of Success on the Merits

As to the requirement that the movant is likely to succeed on the merits, "the Court must give the plaintiff the benefit of all the legitimate inferences that can be drawn from the facts." TAGC Management v. Lehman, 842 F. Supp. 2d at 586; Bank of Leumi Trust Co. v. Istim, Inc., 892 F.Supp., at 482.  This element requires the moving party to demonstrate that it is more likely than not that movant will succeed on its claims and to show proof stronger than that required to

make a prima facie case.  In re Amaranth Natural Gas Commodities Litigation, 711 F. Supp. 2d

301, 306 (S.D.N.Y. 2010).

Here, it is more than probable than not that the Plaintiff will succeed on the merits of this

case. The Plaintiffs have filed a Summons and Complaint with the Court for breach of contract,

unjust enrichment, fraud, and conspiracy to commit fraud, among other causes of action. As

discussed in the Affidavits, Defendant Mr. Han diverted more than $13 million of the Plaintiffs'

money from the promised investments into his own bank accounts. Defendant Mr. Han, and

individuals acting at his direction, made false statements to Plaintiff investors to induce their

investments in the various projects.  Plaintiffs relied on those statements to their detriment, and

Plaintiffs never received the payment promised. The facts, as recited in the Affidavits, and as

supported by documentary evidence, provide a valid basis for the causes of action put forth.

Furthermore, there is an active search warrant out in China for Mr. Han's arrest, and several of

his agents have already been arrested for securities violations directly related to the investment

schemes in this case, under charges filed against them following an extensive investigation of the

matter by the Beijing Bureau of the China Securities Regulation Commission. These arrests were

made on the basis of the same transactions and occurrences surrounding which Plaintiffs'

Summons and Complaint were filed. The only reason Mr. Han was not arrested is because he

fled to the United States.

As such, the Plaintiff will more likely than not succeed on the merits. Thus, the second

element of C.P.L.R. § 6212 is satisfied.

**C.  Grounds for Attachment Exist Under C.P.L.R. § 6201(3)**

An order of attachment may be granted where the plaintiffs have demanded and would be entitled to a money judgment against one or more defendants when the defendant, with intent to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts. C.P.L.R. § 6201(3).

"To establish the third element for attachment, the plaintiff must prove both that the defendant (1) has assigned, disposed of, encumbered, or secreted property, or removed it from the state, or is about to do any of these acts; and (2) has acted or will act with the intent to defraud creditors or to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor." Silverman v. Miranda, 116 F. Supp. 3d 289, 311 (S.D.N.Y. 2015).Where fraud is alleged, under C.P.L.R. § 6201(3), "the plaintiff must demonstrate that the defendant has concealed or is about to conceal property in one or more of several enumerated ways, and has acted or will act with the intent to defraud creditors or to frustrate the enforcement of a judgment that might be rendered in favor of the plaintiff"." VNB NY, LLC v. Rapaport, 2016 NY Slip Op 50099 (Sup. Ct., Kings Co. Jan. 29, 2016) (citations omitted).

In the instant case, there has been ongoing and continuing fraud by the Defendants that strongly indicates that they will dispose of assets or money owed to Defendants. Defendants have acted and will continue to act with the intent to defraud Plaintiffs to frustrate any judgment that might be rendered in the Plaintiff's favor, as indicated by their prior behavior, wherein they have evaded arrest and illegally commingled and transferred business funds to personal bank accounts. See Plaintiff Aff. ¶ 12.

11

Therefore, the ongoing and continuing fraud by Defendants unquestionably indicates that Defendants have taken actions, and, if not enjoined from doing so, will continue to take further actions, to dispose of assets with the intend to defraud creditors, including Plaintiffs. Furthermore, the Defendants have acted and will, if not prevented from doing so, continue to act with the intent to defraud Plaintiffs in order to frustrate any judgments that might be rendered against them in the Plaintiffs' favor. Thus, the third element of C.P.L.R. § 6212 is satisfied.

### D.  The Amount Demanded from Defendants Exceeds all Counterclaims known to Plaintiffs

In determining whether the fourth requirement, "that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff," is met, courts are to examine only the amount of the counterclaims that the plaintiffs concede are just. C.P.L.R. § 6212(a); Bank of Leumi, 892 F. Supp. at 482. Papers on a motion for an order of attachment must show that the amount demanded from defendants exceeds all counterclaims known to plaintiffs, taking into consideration only those counterclaims that plaintiffs are willing to concede as just. The existence of a pending counterclaim which is contested does not defeat an attachment. Id.

In this case, Defendants have not filed any counterclaims against Plaintiffs at this time, and it is not expected that Defendants will claim an amount against the Plaintiffs greater than the damages cited by the Plaintiffs, as Plaintiffs are not known to have harmed Defendants in any way. The total damages claimed in the affidavit is $44.96 million. Including punitive damages, which are warranted in this case.

Therefore, because Plaintiffs' claims against Defendants far exceed all known counterclaims that Defendant could assert in good faith, the fourth element of C.P.L.R. § 6212 is satisfied.

## 2. Temporary Restraining Order

"The standard for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Procedure are identical," as is well established in this circuit. Andino v. Fischer, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). To obtain a temporary restraining order pursuant to Fed.R.Civ.P. 65 (b)(1), a moving party must show: (1) "a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor"; (2) a likelihood of "irreparable injury in the absence of an injunction"; (3) that "the balance of hardships tips in the plaintiff's favor"; and (4) that the "public interest would not be disserved." See *Benihana, Inc. v. Benihana of Tokyo, LLC,* 784 F.3d 887, 894-95 (2d Cir. 2015) (internal citations omitted), cited by See, e.g., *Echo Design Grp. v. Zino Davidoff S.A.*, 283 F. Supp. 2d 963, 966 (S.D.N.Y. 2003). The issue of likelihood on the merits has already been addressed above.

### A. Irreparable Harm Will Occur if a Temporary Restraining Order is not Granted

To demonstrate irreparable harm, a plaintiff must show an injury that is "actual and imminent" and "cannot be remedied by an award of monetary damages." Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995) (citation and internal quotation marks omitted). An award of money damages is inadequate "where a non-movant's assets may be dissipated before final relief can be granted, or where the non-movant threatens to remove its assets from the court's jurisdiction, such that an award of monetary relief would be meaningless[.]" Firemen's Ins. Co. of Newark, New Jersey v. Keating, 753 F. Supp. 1146, 1153 (S.D.N.Y. 1990). In this case, as addressed above, there is precedent for Defendants dissipating their assets in the past,

and no reason to doubt that they would continue to do so in the future, if Defendants' are not enjoined from doing so.

**B. The Balance of Hardships tips in Plaintiff's Favor**

In this case, the balance of hardship is very much in favor of granting the temporary restraining order. Freezing the sale of stock is not expected to result in any harm to the Defendants at all, as holding on to an investment that is not expected to drop in value causes no harm. Furthermore, given the enormous assets of Defendants, seizing their real property and vehicle would result in limited harm, and would aid the Defendants in recovering additional assets discovered inside. Restraining the sale of their real property and luxury vehicle would result in even less harm.

**C. The Public Interest Favors Granting Injunctive Relief**

Given the enormous sums of money that have been raised by investors who were defrauded by the Defendants, the public interest clearly favors the granting of this order to show cause. If the Defendants do not have their assets seized, they will once again be able to evade the victims of their fraudulent enterprise.

**III.     CONCLUSION**

Therefore, this Court should grant Plaintiffs' request for a temporary restraining order on Defendants to prevent them from dissipating and hiding their assets, and order of attachment on Defendant Mr. Han's above-mentioned properties and vehicle. Furthermore, there should be an order of attachment on the 2,574,003 Class C Shares of NIO Inc. held by HF Holdings valued at approximately $10,000,000.

**Dated**: February 24, 2021

Respectfully Submitted,

*/s/* Paul A. Gilmer
Paul A. Gilmer, Esq.
WONG, WONG & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
150 Broadway, Suite 1588
New York, NY 10038
(T) (212) 566-8080
(F) (212) 566-8960
pgilmer@wongwonglaw.com