```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                        :

JING ZHANG, WEI FAN, MINGLIAN ZHANG, :
AND JUN ZHOU,                                                    :
                                                        :            1:21-cv-01625-GHW
                                    Plaintiffs,     :
                                                        :                 ORDER
                  -v -                                              :
                                                        :
XUEYUAN HAN, HANFOR HOLDINGS CO., :
LTD., HF HOLDINGS LIMITED., HANFOR   :
CAPITAL MANAGEMENT CO., LTD.,          :
NUOYUAN CAPITAL MANAGEMENT         :
COMPANY LTD, GEORGE XU, JUNJUN     :
FENG, WENNAN AO, BZ INDUSTRIAL      :
(CHINA), BZ INDUSTRIAL                          :
(VIRGIN ISLANDS), BZ INDUSTRIAL        :
(CAYMAN ISLANDS), HANFOR (CAYMAN) :
LIMITED, HFRE LLC, HF CAPITAL            :
MANAGEMENT CAY INC., HF                     :
COSMOPOLITAN BETA L.P., HENGTAI    :
SECURITIES CO., LTD., JOHN DOES 1-10, :
JANE DOES 1-10, AND ABC-XYZ CORP. 1-10, :
                                                        :
                                  Defendants.   :
                                                        :
-------------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

       Plaintiffs move for an *ex parte* temporary restraining order and attachment to enjoin Defendants from transferring, disposing of, encumbering or otherwise causing, instructing or requesting any diminishment, transfer or disbursement of assets held by Defendants or by Defendants on behalf of Plaintiffs. Pursuant to Rule 65(b)(1), the Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, no such affidavit was attached to Plaintiffs' application. Accordingly, Plaintiffs' application for an *ex parte* temporary restraining order must be denied for failure to comply with Rule 65's requirements.

It is hereby ORDERED that Defendants, or their counsel, shall appear and show cause before this Court as to why the Court should not grant Plaintiffs' motion for an order of attachment on March 19, 2021 at 2:00 p.m.  The order to show cause hearing will take place via teleconference. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.

Plaintiffs' counsel is directed to serve a copy of this order and Plaintiffs' application, including all supporting papers, on Defendants by no later than February 26, 2021.  Defendants are directed to file a response to Plaintiffs' Memorandum of Law in Support of Order to Show Cause for Temporary Restraining Order and Attachment by no later than March 12, 2021.  Plaintiffs' reply, if any, is due no later than March 16, 2021.

SO ORDERED.

Dated: February 24, 2021

_____
GREGORY H. WOODS
United States District Judge