**CARTER LEDYARD MILBURN**

**Jeffrey S. Boxer**
Partner
boxer@clm.com

2 Wall Street
New York, NY 10005
D / 212-238-8626

March 19, 2021

**BY ECF**
Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Zhang et al. v. Han et al*., Case No. 21-cv-01625

Dear Judge Woods:

      We represent Defendants Xueyuan Han, Hanfor Holdings Co., Ltd., HF Holdings Limited, Hanfor Capital Management Co., Ltd., Nuoyuan Capital Management Company Ltd, George Xu, Junjun Feng, Wennan Ao, BZ Industrial (China), BZ Industrial (Virgin Islands), BZ Industrial (Cayman Islands), Hanfor (Cayman) Limited, HFRE LLC, HF Capital Management Cay Inc., and HF Cosmopolitan Beta L.P. (collectively "Defendants") in the above-referenced litigation.  We write pursuant to Rule 2(C) of the Court's individual rules of practice to request a pre-motion conference concerning an anticipated motion to dismiss all claims against the Defendants pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).[1]

      This litigation stems from Plaintiffs' dissatisfaction with investment agreements they entered into with some of the Defendants.  At the time they entered into the investment agreements, Plaintiffs all represented that they were residents and citizens of China.[2]  The investments at issue all relate to Chinese companies, or real property in China, and, for all but one of the agreements, the investments were denominated in Chinese Yuan, not dollars, and the agreements were written in Chinese. The agreements all require arbitration in China.

      Plaintiffs brought suit in the Southern District of New York, but the Defendants respectfully assert that the claims should be dismissed because the Southern District of New York is not the proper forum for jurisdictional, contractual, and practical reasons, the Amended Complaint fails to state claims, and Plaintiffs failed to properly serve the Defendants. Accordingly, Defendants anticipate moving to dismiss the complaint.

**Plaintiffs Failed to Properly Serve the Defendants In Accordance with Rule 4**

      As an initial matter, Defendants anticipate moving to dismiss because they have not been properly served.  Defendants will show through sworn declarations that none of them have been properly served since the papers were (1) not served directly on a corporate representative for the Corporate Defendants, (2) left with a doorman but not subsequently mailed to Mr. Han, Ms. Feng, or Mr. Xu, and (3) left with a doorman at a building which is not Ms. Ao's residence.

---

[1] Plaintiffs' counsel did not respond to an inquiry regarding whether they oppose this request.
[2] Two of the plaintiffs now claim to reside in California, the other plaintiffs admit that they reside in China.

**This Court Lacks Personal Jurisdiction Over Most of the Defendants**

All but one of the Corporate Defendants and Ms. Ao also anticipate moving to dismiss for lack of personal jurisdiction because they are not residents of New York, are not alleged to have taken any actions in New York (or the United States) that are related to the claims at issue, and lack sufficient connections to New York (or the United States) that would make jurisdiction proper. As will be shown through declarations, these Defendants do not reside in or maintain any property, offices, bank accounts, or employees in New York.[3] Accordingly, the claims against these Defendants should be dismissed for lack of personal jurisdiction.

**The Claims Must Be Arbitrated**

Defendants also anticipate moving to dismiss based on the broad arbitration provisions in the agreements Plaintiffs signed requiring arbitration of all disputes before the Beijing Arbitration Commission in Beijing, China. Defendants will show that the arbitration provisions in the agreements must be enforced and require arbitration of all of Plaintiffs' claims. *See Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987).

**The Amended Complaint Fails to State a Claim for Relief**

Plaintiffs have asserted nine claims arising out of their allegations that funds they invested were used for Mr. Han's personal expenses. However, Plaintiffs' claims must be dismissed for failure to state a claim.

First, Plaintiffs have alleged multiple claims which are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). Defendants anticipate moving to dismiss on the grounds that Plaintiffs were required to meet this heightened standard for their claims of fraud, unjust enrichment, civil conspiracy to commit fraud, violation of Rule 10b-5, and civil RICO and utterly failed to do so. Additionally, Defendants will also move to dismiss the RICO claim on the grounds that the alleged predicate act upon which Plaintiffs' RICO claim is based – wire fraud – needed to be pled with particularity.

Second, Defendants anticipate moving to dismiss Plaintiffs' claims for violation of Rule 10b-5 of the Securities Exchange Act and civil RICO on the grounds that the alleged activities giving rise to these claims occurred abroad and neither the Securities Exchange Act nor RICO may be applied extraterritorially.[4] *See*, *e.g. Parkcentral Global HUB Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 214-15 (2d Cir. 2014) (§ 10b-5 "has no extraterritorial application" and only applies if suit "is predicated on either a domestic securities transaction or a transaction in a domestically listed security") (citation omitted); *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2111 (2016) ("Section 1964(c) requires a civil RICO plaintiff to allege and prove a domestic injury … and does not allow recovery for foreign injuries.").

---

[3] Although Ms. Ao is alleged to reside in New York, *see* Am. Compl. ¶ 13, Defendants will show through sworn declarations that Ms. Ao is a citizen and resident of China who was only temporarily present in New York and returned to China prior to the commencement of the instant action. Additionally, none of the claims against Ms. Ao are alleged to arise from her visit to New York.

[4] Although some RICO predicates may be applied extraterritorially, that is not the case here where Plaintiffs have alleged wire fraud as the predicate act. *See Bascunan v. Elsaca*, 927 F.3d 108, 121 (2d Cir. 2019) (wire fraud does not have "an extraterritorial reach" and may only be "appl[ied] to domestic conduct") (citation omitted).

Third, Defendants anticipate moving to dismiss Plaintiffs' claims for conversion, unjust enrichment, fraud, breach of the duty of good faith and fair dealing, and breach of fiduciary duty as either barred by or duplicative of Plaintiffs' claim for breach of contract.

Fourth, Defendants anticipate moving to dismiss Plaintiffs' breach of contract claim because they have failed to identify any contract provisions that allegedly were breached and have asserted contract claims against Defendants who are not parties to the agreements.  To the extent that Plaintiffs' claims are premised on a theory of piercing the corporate veil, Defendants anticipate moving to dismiss on the grounds that Plaintiffs have failed to allege either an abuse of the corporate form or a wrong independent of the breach of contract.  *See*, *e.g. Mirage Enter., Inc. v. FEG Entretenimientos SA*, 326 F. Supp. 3d 26, 34 (S.D.N.Y. 2018).

Fifth, Plaintiffs have alleged that the agreements at issue "created a fiduciary duty."  *See* Am. Compl. ¶ 242.  However, the agreements at issue were arms' length commercial transactions between sophisticated parties.  Accordingly, Defendants anticipate moving to dismiss Plaintiffs' breach of fiduciary duty claim on the grounds that no such duty existed.

Sixth, Defendants anticipate moving to dismiss Defendants' claim for civil RICO because Plaintiffs lack standing, have failed to allege a substantive RICO violation, and have failed to allege an enterprise as required.

Finally, Plaintiffs' sixth cause of action is entitled "civil conspiracy to commit fraud."  *See* Am. Compl. ¶¶ 235-40.  Defendants anticipate moving to dismiss this claim because (1) New York does not recognize civil conspiracy to commit a tort as an independent cause of action, *see McSpedon v. Levine*, 158 A.D.3d 618, 621 (2d Dep't 2018), and (2) Plaintiffs fail to allege fraudulent statements or reliance thereon as necessary to state a claim for fraud.  To the extent Plaintiffs are asserting a claim for conspiracy to violate 18 U.S.C. § 1957, the federal money laundering statute, the claims should be dismissed because Plaintiffs have not actually alleged a claim for money laundering and failed to plead the core elements of money laundering.

**Lack of Subject Matter Jurisdiction**

Plaintiffs have alleged that this Court has subject matter jurisdiction because they have asserted claims under federal law.  *See* Am. Compl. ¶ 25.  However, as discussed above, Defendants anticipate moving to dismiss those federal claims in their entirety.  Defendants will also move to dismiss any remaining state law claims for lack of subject matter jurisdiction.

**The Complaint Should Also Be Dismissed Pursuant to Forum Non Conveniens**

The Defendants also will move for dismissal on the grounds of *forum non conveniens* since the contracts at issue all concern Chinese investments and the vast majority of witnesses, documents, and other evidence are located in China, and many of the agreements at issue contain choice of law provisions specifying that they are governed by Chinese law.

                                              Respectfully submitted,

                                              *Jeffrey Boxer*
                                              Jeffrey S. Boxer

JSB:mkw

**CARTER LEDYARD MILBURN** -4-

cc: Paul A. Gilmer, Esq. (by ECF)
    Raymond H. Wong, Esq.
    Douglas Dooling, Jr., Esq.
    Wong, Wong & Associates, P.C.
    150 Broadway, Suite 1588
    New York, NY 10038