

**REID & WISE**<sup>LLC</sup>

ATTORNEYS AND COUNSELORS AT LAW

| | | |
|---|---|---|
| **New York Office:** | **Los Angeles Office:** | **Shanghai Office:** |
| One Penn Plaza. Suite 2015 | U.S. Bank Tower | Wheelock Square, Suite 602A |
| New York, NY 10119 | 633 W 5th Street 26th Floor | Phone: +86 (021) 5113-0678 |
| Phone: +1 (212) 858-9968 | Los Angeles, CA 90071 | 1717 W. Nanjing Rd., Jing'an District |
| www.reidwise.com | Phone: +1 (213) 223-2328 | Shanghai, China 200040 |
| | | Phone: +8621 6071-5320 |

March 24, 2021

<u>VIA ECF FILING</u>
Hon. Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12C
New York, NY 10007

      **RE:**    **Pre-Motion Submission**
               Zhang et al v. Han et al.
               Case No. 1:21-cv-01625-GHW

Dear Judge Woods:

We represent Hengtai Securities Co., Ltd. ("Hengtai"), one of the defendants in the above captioned action. We write, pursuant to Rule 2(C) of Your Honor's Individual Rules of Practice in Civil Cases, to request a pre-motion conference to seek the Court's permission to file a motion to dismiss Plaintiff's Amended Complaint ("Complaint") as against Hengtai pursuant to FRCP 12(b)(2) for lack of personal jurisdiction or, alternatively, pursuant to FRCP 12(b)(1) and (3) and Federal Arbitration Act § 202, based on the parties' arbitration agreements.

This is an action arising from several Chinese investment agreements, according to which four Chinese citizens ("Plaintiffs"), none of which resides in New York, invested in several China-based private investment fund projects managed by defendant Xueyuan Han ("Han") and his China-based companies. In the Complaint, the Plaintiffs allege that Han and his companies fraudulently induced Plaintiffs to invest in Han's companies and projects and ultimately transferred Plaintiffs' investment funds to shell companies under Han's control. As such, Plaintiffs sued Han, his companies, and his affiliates and associated persons for, among other things, fraud, breach of contract, conversion, conspiracy of fraud, unjust enrichment, and breach of fiduciary duties.

Hengtai is a Chinese company publicly traded in Hong Kong, and it is not controlled by Han. According to the Complaint, Hengtai is named as a defendant merely because it is the

1



**REID & WISE**<sup>LLC</sup>

ATTORNEYS AND COUNSELORS AT LAW

capital custodian in three of the Chinese investment agreements (Complt. ¶¶ 32, 40) The Complaint alleges, which Hengtai hereby denies, that Hengtai breached contractual and fiduciary duties purportedly imposed by the agreements by failing to disclose the transfer of Plaintiffs' funds to Han's companies and by failing to question the fund managers regarding such transfers. (Complt. ¶¶ 40, 97, 116, 163, 244-247) Plaintiffs also allege, which Hengtai denies, that Hengtai breached the contract by failing to invest plaintiff Wei Fan's money in specific projects. (Complt. ¶¶ 95-96)

The Complaint, however, makes no effort to explain how the Court could exercise personal jurisdiction over Hengtai. As alleged in the Complaint, Hengtai is a Chinese company with its primary place of business in Hong Kong. (Complt. ¶ 11) Hengtai has no contact with New York at all. Hengtai has never had offices, stores, bank accounts, telephones, telephone listings, employees, sales or marketing agents, or representatives in the State of New York, has not conducted business in the State of New York, and has not acquired ownership, possession or control of any assets or things of value in the State of New York.

In addition, the subject investment contracts were all written in Chinese, signed by Chinese citizens and entities in China, and performed in China. The contracts specifically choose Chinese law as the applicable law, and contain identical arbitration provisions requiring the parties to submit all disputes arising therefrom to arbitration before the Beijing Arbitration Commission in Beijing, China.

Accordingly, because (i) Hengtai has had no contact with New York, precluding this Court's exercise of personal jurisdiction over it, and (ii) the parties have agreed to submit their disputes to arbitration, we respectfully request that Your Honor grant Hengtai's permission to file the requested motion to dismiss or, in the alternative, schedule a pre-motion conference at the Court's convenience.

Respectfully submitted,

Matthew Sava

cc:      All counsel of record via ECF