```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
JING ZHANG,                                                        :
                                                                   :
                                            Plaintiff,             :     1:21-cv-1625-GHW
                                                                   :
                            -against-                              :
                                                                   :     MEMORANDUM OPINION
                                                                   :            AND ORDER
XUEYUAN HAN, HANFOR HOLDINGS CO., LTD.,                            :
HF HOLDINGS LIMITED, BEIJING NUOYUAN                               :
HOLDINGS CO., HANFOR CAPITAL                                       :
MANAGEMENT CO., LTD., NUOYUAN CAPITAL                              :
MANAGEMENT COMPANY LTD, JUNJUN FENG,                               :
BANG ZE INDUSTRIAL CO., LTD. (CHINA), BZ                           :
INDUSTRIAL LIMITED (VIRGIN ISLANDS), BZ                            :
INDUSTRIAL (CAYMAN ISLANDS), HANFOR                                :
(CAYMAN) LIMITED, HFRE LLC, HF CAPITAL                             :
MANAGEMENT CAY INC., AND HF                                        :
COSMOPOLITAN BETA L.P.,                                            :
                                                                   :
                                            Defendants.            :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

Plaintiff Jing Zhang is a citizen of China and is a lawful permanent resident of the United States. In 2017, she purchased $2 million worth of stock in Defendant HF Holdings Limited Corporation, a British Virgin Islands corporation. Plaintiff filed a complaint alleging that that HF Holdings, its owner, Defendant Xueyuan Han, a Chinese citizen, and the other Defendants (together, the "Defendants") breached various obligations arising from her purchase of that stock. Defendants moved to dismiss Plaintiff's complaint.

Here, because Plaintiff and Defendants are aliens, there is no diversity under 18 U.S.C. § 1332. Accordingly, the Court lacks subject matter jurisdiction over this action, and Defendants' motion to dismiss is granted.

## II.    BACKGROUND

### A. Facts

Plaintiff is a citizen of the People's Republic of China and is a lawful permanent resident of the United States. Second Amended Complaint, Dkt. No. 63 ("SAC") ¶ 1. She currently resides in California. *Id.* In 2017, she purchased $2 million worth of stock in the Ruiliweixin Private Equity Fund I–HF Holdings Limited ("HF Holdings Limited"). *Id.*

HF Holdings Limited is incorporated in the British Virgin Islands and is alleged to be owned by Defendant Xueyuan Han. *Id.* ¶ 6. Mr. Han is a citizen of the People's Republic of China and resides in New York City. *Id.* ¶ 2.

Mr. Han is also alleged to hold a controlling ownership stake in the other corporate Defendants. Those defendants consist of (1) Defendant Bang Ze Industrial Co., Ltd, a company incorporated in China; (2) Hanfor Holdings Co., Ltd., a company incorporated in China; (3) Hanfor Capital Management Co., a company incorporated in China; (4) Beijing Nuoyuan Holdings Co., Ltd., a company incorporated in China; (5) Nuoyuan Capital Management Company Ltd., a company incorporated in China; (6) HFRE LLC ("HFRE"), a New York limited liability company owned and managed by Mr. Han; (7) BZ Industrial Limited (Virgin Islands), a company incorporated in the British Virgin Islands; (8) BZ Industrial Limited (Cayman Islands), a company incorporated in the Cayman Islands; (9) Hanfor (Cayman) Limited, a company incorporated in the Cayman Islands; (10) HF Capital Management Cay Inc. ("HF Capital Cayman"), a company incorporated in the Cayman Islands; and (11) HF Cosmopolitan Beta L.P., the general partner of which is HF Capital Cayman. *Id.* ¶¶ 3–8, 10–15.[1]

On February 24, 2021, Plaintiff and three other individuals—all of whom were alleged to be Chinese citizens—filed a complaint alleging violations of Rule 10b-5 of the Securities and Exchange

---

[1] The other individual defendant in this case, Ms. Junjun Feng, is a citizen of China. SAC ¶ 9.

Act of 1934, 15 U.S.C. § 78j(b), violations of the federal Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962, and a number of claims that do not arise under federal law, including claims for breach of contract. Dkt. No. 1, *id.* ¶¶ 1–4, 185–261. Those plaintiffs amended that complaint on February 25, 2021. Dkt. No. 10. Then, on April 22, 2021, Plaintiff filed a second amended complaint naming the current Defendants. *See* SAC. The three original plaintiffs other than Plaintiff elected not to continue as parties to the litigation.

In the now-operative second amended complaint, Plaintiff does not assert the violations of federal law present in the previous iterations of the complaint, but instead alleges only claims for breach of contract, unjust enrichment, conversion, and breach of fiduciary duties. *Id.* ¶¶ 60–95. Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant 28 U.S.C. § 1332. *Id.* ¶ 18.

On May 14, 2021, Defendants moved to dismiss. Dkt. No. 69. Plaintiff opposed those motions on June 4, 2021. Dkt. No. 94 ("Opp'n"). Defendants filed their reply on June 11, 2021. Dkt. No. 99 ("Reply").

### III. DISCUSSION

#### A. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Daly v. Citigroup Inc.*, 939 F.3d 415, 425 (2d Cir. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); see also Fed. R. Civ. P. 12(b)(1) ("[A] party may assert the following defense[] by motion: lack of subject-matter jurisdiction."). "The burden of proving jurisdiction is on the party asserting it." *Daly*, 939 F.3d at 425 (quoting *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)). On a Rule 12(b)(1) motion, "the court is permitted to rely on information beyond the face

of the complaint." *In re Germain*, 824 F.3d 258, 261 (2d Cir. 2016) (quoting *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005)).

### B.  There is No Diversity Between the Parties

Plaintiff fails to establish that diversity exists under 18 U.S.C. § 1332 and, therefore, the Court lacks jurisdiction to consider her claims.  To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  "[D]iversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."  In other words, "the presence of aliens on two sides of a case destroys diversity jurisdiction,' just like the presence of two citizens of the same state."  *Corporacion Venezolana de Formento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980)); *see also*, *One World LLC v. Onofriadis*, 2021 WL 4452070 at *14 (S.D.N.Y. Jan. 19, 2021) ("[A]liens on both sides of [a] lawsuit . . . defeats diversity").

A foreign citizen who is a permanent resident of the United States is "an alien for the purposes of diversity jurisdiction."  *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d. Cir. 2020); *see also*, *One World, LLC v. Onoufriadis*, No. 20 CIV. 5802 (CM), 2021 WL 184400, at *13 (S.D.N.Y. Jan. 19, 2021), *aff'd*, No. 21-374-CV, 2021 WL 4452070 (2d Cir. Sept. 29, 2021) ("A lawful permanent resident domiciled in a state is not a citizen of that state—he is an alien for purposes of diversity jurisdiction.").  And for corporate defendants, "even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a [the United States],and is considered a citizen of [a state in the United States], diversity is nonetheless defeated if another alien party is present on the other side of the litigation."  *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989).

Diversity is clearly lacking in this case. Plaintiff is a citizen of China. SAC ¶ 1. Therefore, she is an alien for purposes of diversity jurisdiction, even though she is a lawful permanent resident of the United States. *Tagger*, 951 F.3d at 126–27 (holding that the Plaintiff, a citizen of Israel and lawful permanent resident in the United States, was would be treated as an alien for purposes of diversity jurisdiction); *One World*, 2021 WL 184400 at *2, 14 (concluding that a citizen of Greece who was a lawful permanent resident of the United States would be treated as an alien for purposes of diversity jurisdiction). Defendants Han and Feng are also citizens of China. *Id.* ¶ 2. Thus, because of there are aliens on both sides of the litigation, there is no diversity jurisdiction.

Because the presence of *any* aliens on both side of a litigation will defeat diversity jurisdiction, the Court need not continue its analysis in order to determine that it lacks subject matter jurisdiction over the parties' dispute. Nonetheless, it bears mentioning that *all* of the other Defendants are also aliens. The majority of the corporate Defendants are entities incorporated either in the British Virgin Islands, the Cayman Islands, or in China.[2] *Id.* ¶¶ 3–15. The only other Defendant, HFRE, is a New York limited liability company. *See* SAC ¶ 10. When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). The Complaint alleges that HFRE is managed and owned by Mr. Han, who is—as previously discussed—a citizen of China.[3] SAC ¶¶ 2, 10. Thus, for purposes of diversity jurisdiction, HFRE takes on the Mr. Han's Chinese citizenship. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) ("[D]efendants Bedford Partnership and Bedford LLC are, for diversity

---

[2] Plaintiff alleges that Defendant HF Cosmopolitan L.P.—ostensibly a limited partnership—is "incorporated" in the Cayman Islands. SAC ¶ 15. Thus, it is unclear whether HF Cosmopolitan L.P. is, in fact, a corporation or a limited partnership. If a limited partnership, the citizenship of all partners must be taken into account when considering diversity jurisdiction. *Carden v. Arkoma Associates*, 494 U.S. 185, 196–96 (1990). Here, HF Cosmopolitan L.P.'s general partner is HF Capital Cayman, which is incorporated in the Cayman Islands. SAC ¶ 15. Thus, regardless of whether HF Cosmopolitan L.P. is a limited partnership or corporation, it is an alien for purposes of diversity jurisdiction.
[3] Plaintiff has not identified any other members of HFRE, let alone their citizenship.

5

purposes, citizens of Florida because both entities have Florida members.").[4]  Accordingly, all of the parties are aliens, leaving no doubt that the Court lacks diversity jurisdiction.  *See Tagger*, 951 F.3d at 126–27 (holding there was no diversity jurisdiction where all parties were foreign citizens or entities); *One World*, 2021 WL 4452070 at *14 (same).

Plaintiff urges the Court to ignore *Tagger*'s holding and rule that Plaintiff is a citizen of California because she is a lawful permanent resident.[5]  Opp'n at 16.  However, "this Court cannot ignore binding Second Circuit precedent, unless it is expressly or implicitly overruled."  *World Wrestling Entm't, Inc. v. Jakks Pacific, Inc.*, 425 F.Supp.2d 484, 499 (S.D.N.Y.2006).  The Court is bound by *Tagger's* holding.  Accordingly, Plaintiff has failed to establish diversity jurisdiction.

### C. Leave to Amend

The Court denies Plaintiff leave to amend her complaint because further amendment would be futile.  In this Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead."  *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted).  "A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how

---

[4] For that reason, the Court will not grant Plaintiff's request for jurisdictional discovery.  *See* Opp'n at 16–17.  "The Supreme Court has never permitted a party to claim diversity jurisdiction based on the citizenship of some, but not all, of its members."  *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013).  Accordingly, because Mr. Han is not diverse from Plaintiff for purposes of diversity jurisdiction, discovery into the other members of the LLC would have no impact on the Court's determination that it lacks subject matter jurisdiction.

[5] In support of that argument, Plaintiff cites *Nouinou v. Guterres*, where a court in this district stated in dicta that the plaintiff, a permanent resident who was married a U.S. citizen, would be considered a citizen of New York for purposes of diversity.  No. 20-cv-8682, 2020 WL 6275021, at *5 (S.D.N.Y. Oct. 23, 2020).  The Court gives *Nouinou's* analysis little weight.  First, *Nouinou* ultimately concluded that there was no diversity jurisdiction because the plaintiff had failed to plead the citizenship of the defendants, meaning it did not squarely consider the issues presented here.  Moreover, *Nouinou* fails address or even identify *Tagger*, leaving open the possibility that it would have reached another conclusion had it applied *Tagger*'s binding holding that permanent residents are aliens for purposes of diversity jurisdiction.

amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that where the "problem with [a complaint] is substantive [and] better pleading will not cure it," leave to amend should be denied as futile).

Here, Plaintiff has not alleged any facts showing that she could cure her failure to establish subject matter jurisdiction. Accordingly, the Court denies Plaintiff leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted and this action is dismissed without prejudice.

The Clerk of Court is directed to enter judgment for Defendants, to terminate all pending motions, and to close this case.

SO ORDERED.

Dated: January 5, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge